UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **OLIVIA RAMIREZ,** | : | Civil Action No. 07-1168 (FLW) |
| Plaintiff, | : | |
| v. | : | |
| | : | **REPORT AND RECOMMENDATION**[1] |
| **JACQUES A. LEBREUX, et al.,** | : | |
| Defendants. | : | |

**HUGHES, U.S.M.J.**

This matter having been opened by the Court *sua sponte* to dismiss the claims of *pro se* Plaintiff Olivia Ramirez ("Plaintiff") against Defendants Jacques A. Lebreux, et al. ("Defendants"). Plaintiff has alleged careless and negligent operation of a tractor trailer by Defendants which caused Plaintiff's injuries [dkt. entry no. 1]. Plaintiff seeks compensatory damages, reasonable attorney's fees and expenses, and any other just and equitable relief. After Plaintiff violated the Court's Order by failing to attend her own deposition on June 11, 2008, and since she has made no effort to contact the Court or her adversary since then, the Court recommends that Plaintiff's case be dismissed.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On or about May 9, 2005, Plaintiff's boyfriend, Luis Ruedas Chavez, drove a motor vehicle along Route 22. (*See* Pl.'s Compl. at 3.) Plaintiff was a passenger in the vehicle. *Id*. Allegedly, Plaintiff's boyfriend forcibly and intentionally pushed Plaintiff from the vehicle. (*See* Def.s' Answer at 2.) After being pushed from the vehicle, a tractor trailer driven by Defendant Jacques Lebreux, going the same direction in the lane to the right of Plaintiff's

---

[1] Attached is a Spanish version of the Report and Recommendation which was sent to *pro se* Plaintiff Ms. Ramirez as a courtesy from the Court. The Spanish version of the Report and Recommendation was translated by an undergraduate intern in Chambers, and not by an official Court interpreter.

vehicle, ran over Plaintiff, crushing her leg.  (Pl.'s Compl. at 3.)  Plaintiff underwent reconstructive surgeries with internal fixation to help fix her leg.  *Id*.  Defendant Lebreux was allegedly employed by Defendant(s) Canadian American Tank Lines, Inc. as a commercial driver at the time of the accident.  *Id.* at  4-5.

Plaintiff has a history of failure to appear for scheduled meetings with this Court.  On March 7, 2008, the Plaintiff failed to attend a conference with the Court, sending her brother to represent her in her place.[2]  In response, the Court issued an Order requiring Plaintiff to be available for a conference on March 14, 2008 and stated that Plaintiff was receiving "one last chance."  (Or. dated March 7, 2008.)  Plaintiff was also told that "failure to appear shall result in the dismissal of the complaint." *Id.* (emphasis omitted).  Then, on June 11, 2008, Plaintiff ignored another Court Order by failing to appear for her own deposition.

Since Plaintiff does not speak English, the Court arranged for an interpreter to be present for these scheduled meetings.  In addition, opposing counsel spent time preparing for, and traveling to, these scheduled conferences and depositions.

## II.    DISCUSSION

The Court recommends that Plaintiff's case be dismissed pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).  *See also* Fed. R. Civ. P. 37(c)(1)(C).

"Dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, and are to be reserved for comparable cases." *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

---

[2] Plaintiff stated that she was at an attorney's office in New Brunswick.

In *Poulis*, the Court set forth a six-part balancing test that the District Court should apply in determining whether dismissal is appropriate. The six factors include (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary cause by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or of the attorney was willful or in bad faith; (5) the effectiveness of the sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. Not all of the *Poulis* factors need to be satisfied in order to dismiss a petition. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) *and In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, 381 F. Supp. 2d 421, 425 (E.D. Pa. 2005). Each factor will be discussed in turn.

    A.    <u>The Extent of the Party's Personal Responsibility</u>

Plaintiff is personally responsible for the delay in litigation. Plaintiff is representing herself *pro se*; therefore in complete control over every decision. Simply put, she has no one but herself to blame for her failure to comply with the Court's Order. The Supreme Court has looked at "flagrant bad faith" on the part of the plaintiffs as well as "callous disregard" by their counsel. *Nat'l Hockey League*, 427 U.S. at 643; *Poulis*, 747 F.2d at 868. Here, Plaintiff missed a scheduled conference and her own Court ordered deposition without giving the Court or Defendants *any* notice. Indeed, since her scheduled deposition on June 11, 2008, Plaintiff has still yet to contact the Court or Defendants.

    B.    <u>Prejudice to the Adversary</u>

Defendants suffered prejudice in this case. Plaintiff has failed to show up for her Court Ordered deposition and also failed to participate in a conference call with the Court. Both times, Defendants' counsel expended hours of legal services which must be paid by their clients. In

sum, Defendants encountered a lack of cooperation from Plaintiff which directly prejudiced Defendants in terms of substantial time and money.  *See Poulis*, 747 F.2d  at 868.

      C.      <u>A History of Dilatoriness</u>

There has been a history of dilatoriness here.  In *Poulis*, there was a pattern of dilatoriness caused by the constant delay of plaintiff's counsel.  *Id*.  Here, Plaintiff, acting *pro se*, is allowed leeway in procedural matters.  However, missing a conference call with the Court and then blatantly disregarding a Court Order requiring attendance at her own deposition without providing any notice to the Court or adversary is dilatory.  Indeed, simply ignoring the Court's Orders is intolerable.

      D.      <u>Whether the Conduct was Willful or in Bad Faith</u>

The Court finds that Plaintiff's acts were willful.  A party's "failure to comply with the court's orders and in dragging the case out [must be] willful and not merely the result of negligence of inadvertence."  *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).  Here, failure to obey a Court Order without providing any notice whatsoever is willful.

      E.      <u>Alternative Sanctions</u>

Pursuant to the *Poulis* standard, Plaintiff's case should be dismissed.  A party who fails to obey a Court Order – without giving any reason or not applying to the Court for relief – cannot be said to be actively pursuing the litigation.  Violating a Court Order, when coupled with Plaintiff's failure to reach out to the Court since missing her deposition, is egregious.  Plaintiff cannot claim to be actively participating in this litigation.  As such, dismissal is an appropriate sanction.

      F.      <u>Meritoriousness of the Claim</u>

The Court cannot determine whether Plaintiff has a meritorious claim.  "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."  *Poulis*, 747 F.2d at 870 (citing *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).  However, the Court cannot refrain from noting that the car accident here, and the resulting serious injuries that stemmed from the car accident, was caused in large part, if not entirely, by Plaintiff's, presumably, prior boyfriend.

### III.   CONCLUSION

In view of the foregoing, it is respectfully recommended that Plaintiff's claim be dismissed with prejudice.  This unusual situation gives an entirely new meaning to the phrase "only in America."  Where else could a party whose boyfriend threw her out of a moving car on a busy highway, causing her to be run over by a tractor trailer, even sue the truck driver, and then, remarkably, fail to appear in court for her own deposition.

Local Civil Rule 72.1(c)(2) permits objections to this Report and Recommendation within ten (10) days after being served with a copy thereof.  The Clerk of Court is directed to serve a copy of this Report and Recommendation on Plaintiff and Counsel for Defendant by **regular and certified mail**.

        Respectfully submitted,

        *s/ John J. Hughes*
        **JOHN J. HUGHES**
        **UNITED STATES MAGISTRATE JUDGE**

**DATED:** June 25, 2008